UNITED STATES DISTRICT COURT. FILED
DISTRICT OF CONNECTICUT

2011 MAR 30 A 11: 59

US DISTRICT COURT
HARTFORD CT

ANGEL HERNANDEZ,         :
 petitioner,           :
                     :
   v.                 :
                     :
SUPERINTENDENT JAMES J. SABA, :
 respondent.          :

PRISONER CASE NO.
3:10-cv-504 (AVC)

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, an inmate confined at North Central Correctional Institution in Gardner, Massachusetts, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks an order vacating the detainer that has been lodged with prison officials in Massachusetts, in the form of a warrant for his arrest on Connecticut charges. For the reasons that follow, the petition is dismissed without prejudice.

### Background

On November 1, 2001, in the Massachusetts Superior Court for Hampden County, a jury convicted the petitioner of one count of armed assault with intent to rob in violation of Mass. Gen. Laws ch. 265, § 18(b), two counts of assault and battery with a dangerous weapon in violation of Mass. Gen. Laws, ch. 265, § 15A(b), one count of assault by means of a dangerous weapon in violation of Mass. Gen. Laws ch. 265, § 15B(b), one count of armed robbery while masked in violation of 265 § 17, one count of kidnapping in violation of Mass. Gen. Laws ch. 265, § 26 and one

count of assault and battery in violation of Mass. Gen. Laws ch. 265, § 13A.    See Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 427, ns. 1 and 2 (2005).   The trial court denied the petitioner's motion for a new trial.

The petitioner filed an appeal of the denial of the motion for new trial and the judgments of conviction.    On May 5, 2005, the Massachusetts appellate court affirmed the judgments of conviction and the denial of the motion for new trial.    Id. at 434.   On July 5, 2005, the Massachusetts Supreme Court denied the appeal from the appellate court's decision.   See Commonwealth v. Hernandez, 444 Mass. 1105 (2005).

On August 7, 2001, the state's attorney in Enfield, Connecticut, signed an information and arrest warrant charging the petitioner with one count of robbery in the first degree in violation of Conn. Gen. Stat. § 53a-134, two counts of kidnapping in the first degree in violation of Conn. Gen. Stat. § 53a-92, two counts of threatening in violation of Conn. Gen. Stat. § 53a-62 and one count of larceny in the sixth degree in violation of Conn. Gen. Stat. § 53a-125b.   These offenses allegedly occurred on July 18, 2000 in Enfield, Connecticut.   In June 2009, prison officials in Massachusetts made the petitioner aware of the existence of this outstanding warrant for his arrest which had been lodged as a detainer with the Massachusetts Department of Correction.

2

## Discussion

The petitioner claims that the warrant is effecting his
eligibility for parole and to be transferred to a lower security
level prison facility in Massachusetts.  He also contends that
the Connecticut state's attorney has subjected him to pre-
indictment delay with regard to the charges set forth in the
information and arrest warrant, in violation of the Due Process
Clause of the Fourteenth Amendment.  He further argues that the
state's attorney has failed to bring him to trial in a timely
manner, in violation of his right to a speedy trial as guaranteed
by the Sixth Amendment.

The purpose of a writ of habeas corpus is to challenge an
unconstitutional conviction or confinement.  See 28 U.S.C.
2254(a).  The petitioner is currently serving a Massachusetts
sentence.  The petitioner admits that he has not been convicted
of nor is he confined pursuant to any Connecticut charges.  Thus,
he does not challenge any conviction or period of confinement in
this action.

The petitioner's claims, however, may be construed as an
assertion of his rights under the Interstate Agreement on
Detainers ("IAD").  See Conn. Gen. Stat. § 54-186.  The purpose
of the IAD is "to encourage the expeditious and orderly
disposition" of a prisoner's outstanding criminal charges and
"determination of the proper status of any and all detainers

3

based on untried indictments, informations or complaints." Conn. Gen. Stat. § 54-186, Art. I.[1] Thus, the provisions of the IAD are not applicable until a detainer is lodged with the custodial state by another state. See United States v. Mauro, 436 U.S. 340, 358 (1978).

The petitioner states that the Enfield arrest warrant was lodged with Massachusetts prison officials as a detainer in 2001, but that he did not become aware of it until 2009. To the extent that the petition alleges that the arrest warrant detainer should be dismissed because the petitioner has not been brought to trial within the 180 speedy trial provision of the IAD, it is denied. The petitioner does not allege that he utilized the procedures set forth in article III of the IAD, to make a request to Connecticut officials for the speedy disposition of the untried charges in the arrest warrant. See id. at Art. III. Specifically, Article III provides that a prisoner must give or send written notice and a request for final disposition of the untried "indictment, information or complaint" to the warden or other custodial official. Id. at Art. III(b). The warden or custodial official is then responsible for mailing the prisoner's written notice and request and a "certificate" of inmate status, that includes certain information set forth in Article III(a), to

---

[1] Massachusetts is also a signatory of the Interstate Agreement on Detainers. See Mass Gen. Laws ch. 276, §§ 1-1 through 1-8.

the "appropriate prosecuting official and court" in the state where trial is to be scheduled on the untried indictment, information or complaint. Id. The petitioner no where states that he has complied with these procedural requirements.

Furthermore, the petitioner does not assert that he made any other attempts to exhaust his available state court remedies with respect to the claims in the petition, prior to filing this action. A prerequisite to habeas corpus relief under 28 U.S.C. § 2254, is the exhaustion of available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan, 526 U.S. at 845.

The second circuit requires the district court to conduct a two-part inquiry. First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted). In other words, "[t]he claim presented to the state court ... must be the 'substantial equivalent' of the claim raised in the federal habeas petition." Jones v. Keane, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted). Second, he must have "utilized all available mechanisms to secure

5

appellate review of the denial of that claim." <u>Lloyd v. Walker</u>,
771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing <u>Wilson v. Harris</u>,
595 F.2d 101, 102 (2d Cir. 1979)).

The Supreme Court has recognized that state prisoners must
exhaust all available state court remedies before filing a
federal habeas petition attacking a state detainer. <u>See</u> <u>Braden
v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 489-90 (1973). The
petitioner concedes that he did not file a state habeas petition
challenging the arrest warrant that has been lodged as a detainer
in Massachusetts. <u>See</u> <u>Remick v. Lopes</u>, 203 Conn. 494, 499-501,
525 A.2d 502, 505-06 (1987) (noting that an inmate may seek
dismissal of warrants lodged as detainers by another state in a
habeas petition filed in the state in which the inmate is
confined on the ground that the other state failed to comply with
the speedy trial provisions of the IAD); <u>Furka v. Commissioner of
Correction</u>, 41 Conn. Supp. 320, 573 A.2d 772 (Conn. Super. 1990)
(dismissing habeas petition challenging New York arrest warrants
lodged as a detainer against petitioner at Connecticut
correctional facility). Because the petitioner has failed to
exhaust any of his claims, his petition is dismissed without
prejudice.

## Conclusion

The petition for writ of habeas corpus [**Doc. No. 1**] is **DISMISSED** without prejudice for failure to exhaust state court remedies. The motion for a response to the petition [**Doc. No. 5**] is **DENIED** as moot. The court concludes that jurists of reason would not find it debatable that the petitioner failed to exhaust his state court remedies. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when the district court denies a habeas petition on procedural grounds, a certificate of appealability should only issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgement and close this case.

**SO ORDERED** this __29TH__ day of March, 2011, at Hartford, Connecticut.

/s/ Alfred V. Covello, USDJ

Alfred V. Covello,
United States District Judge

7